### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION


**MAURICE O. HINTON**                                                    **PLAINTIFF**


**VS.**                                    **CIVIL ACTION NO. 3:05CV535-WHB-AGN**

**CYNTHIA PEDEN; ROSE'S STORES, INC.;**
**OFFICER J. WATSON (#554), JACKSON**
**POLICE DEPARTMENT; SGT. RICHARDSON**
**(#A95), JACKSON POLICE DEPARTMENT;**
**CITY OF JACKSON, MISSISSIPPI AND**
**JOHN DOES A-E**                                                      **DEFENDANTS**


### OPINION AND ORDER

This cause is before the Court on the Amended Motion to Dismiss for Immunity filed by Defendant City of Jackson, Defendant Officer J. Watson and Defendant Sargent Richardson.  The Court finds that the Motion is well taken and should be granted.[1]

This case arises out of the alleged wrongful detention of Plaintiff Maurice O. Hinton at a store which was then owned by Roses Stores, Inc.  Plaintiff filed the subject suit in the Circuit Court of the First Judicial District of Hinds County, Mississippi on July 21, 2005.  The Complaint states three state law claims as well as a federal law claim under 42 U.S.C. § 1983.  Defendants removed the case to this Court on August 31, 2005, on the grounds

---

[1]The original Motion to Dismiss was filed on December 16, 2005, under docket entry no. 15.  The Amended Motion supplants the original Motion.  Accordingly, the original Motion to Dismiss will be denied as moot.

of federal question jurisdiction under 28 U.S.C. § 1331, and diversity of citizenship jurisdiction under 28 U.S.C. § 1332.  This Court clearly has federal question jurisdiction under § 1331. Through an Order rendered by the undersigned on January 23, 2006, under docket entry no. 22, Defendants Cynthia Peden and Rose's Stores, Inc., were dismissed from this cause with prejudice.

The remaining Defendants filed the subject Amended Motion to Dismiss on December 22, 2005.  Plaintiff Hinton failed to respond to the subject Motion, and the time limit for filing a Response has expired.  Therefore, pursuant to the authority granted this Court under Rule 7.2(C)(2) of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi,[2] the Court finds that the Motion to Dismiss is well taken and should be granted.

The ground on which Defendants seek dismissal is immunity from prosecution.  When dismissal is based on immunity, the dismissal is with prejudice in most circumstances.  However, in at least two cases decided by the Untied States Court of Appeals for the Fifth Circuit, the court held that if a case is dismissed based on failure of a party to respond to a dispositive motion, then dismissal must be without prejudice. John v. State of Louisiana (Bd. of Trustees for State Colleges and Universities), 757 F.2d

---

[2]Rule 7.2(C)(2) states "[i]f a party fails to respond to any motion, other than a motion for summary judgment, within the time allotted, the court may grant the motion as unopposed."

698, 709 (5th Cir. 1985); <u>Arundar v. DeKalb County Sch. Dist.</u>, 620

F.2d 493, 493-95 (5th Cir. 1980).  Based on the holdings in <u>John</u>

and <u>Arundar</u>, Plaintiff's claims against Defendant City of Jackson,

Defendant Officer J. Watson and Defendant Sargent Richardson must

be dismissed *without* prejudice.

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion to Dismiss (docket

entry no. 15) is hereby denied as moot.

IT IS FURTHER ORDERED that the Amended Motion to Dismiss for

Immunity filed by Defendant City of Jackson, Defendant Officer J.

Watson and Defendant Sargent Richardson (docket entry no. 18) is

hereby granted.  Defendant City of Jackson, Defendant Officer J.

Watson and Defendant Sargent Richardson are hereby dismissed from

this case without prejudice.  A Final Judgment will be entered.

SO ORDERED this the 3rd day of February, 2006.


s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

tct